**Opinion issued September 16, 2021**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-19-00030-CR**
_____

**ALBERT FORISTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 424th District Court**
**Burnet County, Texas[1]**
**Trial Court Case No. 46497**

---

**MEMORANDUM OPINION**

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

## Background

This case is before us on remand from the Court of Criminal Appeals. A jury convicted Albert Forister of the second-degree felony offense of possession of methamphetamine in an amount of four grams or more but less than 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE § 481.115(a), (d). The trial court sentenced Forister to 50 years' confinement and assessed court costs totaling $399, including a $25 time payment fee.

In two issues on original submission, Forister challenged both the constitutionality of a portion of the time payment fee and the accuracy of the judgment. *See Forister v. State*, No. 01-19-00030-CR, 2020 WL 937027, at *1 (Tex. App.—Houston [1st Dist.] Feb. 27, 2020) (mem. op., not designated for publication). A panel of this Court determined that a portion of the $25 time payment fee assessed as part of the court costs under Texas Local Government Code section 133.103(b) and (d) was facially unconstitutional. *Id*. at *3. We sustained his first issue in part and modified the trial court's judgment to reduce the time payment fee by 90 percent. With respect to his second issue, we determined that the judgment of conviction inaccurately recited the degree of offense, statute for offense, and offense of conviction. *Id*. at *3. We therefore sustained his second issue and modified the judgment to reflect the correct information. *Id*. at *3.

The State filed a petition for discretionary review with the Court of Criminal Appeals, challenging our constitutional analysis. Later, the Court of Criminal Appeals handed down its opinion in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), and held that the time payment fee was assessed prematurely because the pendency of an appeal suspends the obligation to pay court costs. In light of *Dulin*, the Court of Criminal Appeals vacated our judgment and remanded the case. *Forister v. State*, No. PD-0196-20, 2021 WL 1939991, at *1 (Tex. Crim. App. May 12, 2021) (per curiam) (not designated for publication).

**Time Payment Fee**

In his first issue, Forister argues that $25 time payment fee should be reduced by $22.50 because 90 percent of the fee assessed as part of the court costs under Texas Local Government Code section 133.103(b) and (d) is facially unconstitutional. We need not address the constitutionality of the time payment fee. The Court of Criminal Appeals determined that "[t]he pendency of an appeal stops the clock for purposes of the time payment fees" and, as a result, "the assessment of the time payment fees . . . [are] premature." *Dulin*, 620 S.W.3d at 133. We therefore conclude that the $25 time payment fee should be struck from the judgment of conviction as prematurely assessed without reaching Forister's challenge to the constitutionality of 90 percent of the fee. *See id.* Thus, we modify the trial court's judgment of conviction to strike the $25 assessed time payment fee.

3

**Erroneous Judgment**

As to Forister's remaining issue, Forister contends that the judgment of conviction does not reflect the Health and Safety Code provision under which he was convicted. He also contends that the judgment incorrectly recites the degree of offense and statute for the offense. The State does not dispute these errors.

The judgment reflects that Forister was convicted of first-degree felony possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE § 481.112(d). However, the jury convicted Forister of second-degree felony possession of methamphetamine in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE § 481.115(a), (d). The jury's verdict form supports Forister's possession conviction because it states:

> We, the jury find defendant, [Forister], GUILTY of the lesser included offense of Possession of a Controlled Substance, to-wit: Methamphetamine, 4 grams or more but less than 200 grams.

We have the authority to correct a trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Parlin v. State*, 591 S.W.3d 214, 225 (Tex. App.—Houston [1st Dist.] 2019, no pet.). We amend the erroneous judgment and modify it to reflect that Forister was convicted under Texas Health and Safety Code section 481.115(a) and (d) in trial court cause number 46497.

4

## Conclusion

In sum, we modify the trial court's judgment of conviction to strike the $25 assessed time payment fee and, as modified, we affirm the judgment of conviction. We also modify the trial court's judgment of conviction to reflect that Forister was convicted under Texas Health and Safety Code section 481.115(a) and (d) and affirm the trial court's judgment as modified.

Sarah Beth Landau
Justice

Panel consists of Justices Landau, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

5